**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABIGAIL ALVARADO-MENDOZA, | No. 19-70890 |
| Petitioner, | Agency No. A209-804-275 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021[**]

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Abigail Alvarado-Mendoza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion the agency's denial of a motion to continue. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

We do not consider the materials Alvarado-Mendoza references in her opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Substantial evidence supports the agency's determination that the harm Alvarado-Mendoza experienced does not rise to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (threats alone rarely constitute persecution); *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003) (persecution is "an extreme concept").

Substantial evidence also supports the agency's determination that Alvarado-Mendoza failed to establish a nexus between the harm she fears and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (petitioner did not

19-70890

establish nexus to a protected ground where the evidence indicated that the harm he experienced and feared was motivated by personal retribution).

We lack jurisdiction to consider the proposed particular social group of "female cattle ranchers" raised in Alvarado-Mendoza's opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). We reject as unsupported by the record Alvarado-Mendoza's contention that she raised this proposed particular social group before the agency.

Thus, Alvarado-Mendoza's asylum and withholding of removal claims fail.

In her opening brief, Alvarado-Mendoza does not challenge the agency's denial of CAT relief, voluntary departure, or administrative closure, and she also does not challenge the BIA's conclusion that the IJ did not violate her right to due process. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived); *see also Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) ("Issues raised for the first time in the reply brief are waived.").

The agency did not abuse its discretion in denying Alvarado-Mendoza's motion for a continuance. *Sandoval-Luna*, 526 F.3d at 1247 (agency did not abuse its discretion in denying a continuance where the record did not establish petitioner's present eligibility for relief); *see also Matter of L-A-B-R-*, 27 I.&N.

19-70890

Dec. 405, 413 (A.G. 2018) (whether a noncitizen will obtain collateral relief is a factor IJ must consider in deciding whether to grant a continuance). We reject as unsupported by the record Alvarado-Mendoza's contention that the agency failed to consider evidence in its analysis of her request for a continuance.

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry Nos. 1 and 10) is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**